UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANN LEWIS,
                        Plaintiff,

              -against-

BRITISH AIRWAYS,
                        Defendant.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

03 CV 5537 (RJD) (LB)

DEARIE, District Judge.

      Plaintiff, pro se, brings this action against defendant British Airways for the delay of her luggage which contained her diabetes medicine. Plaintiff alleges that the airline's negligence in misplacing her luggage put her life at risk. She seeks $100,000 in damages.[1] Although plaintiff attempts to make it so, it is not entirely clear what her claims for damages are. She appears to be suing for damages clearly governed by the Warsaw Convention. For the reasons discussed below, defendant's motion for summary judgment is granted.

## Background

      Defendant misplaced plaintiff's suitcase for three days on a trip from New York to Amsterdam in September 2003. Plaintiff's insulin was in the checked suitcase. Plaintiff complains that she experienced discomfort during the three days when she had no medicine and for three days after she received her suitcase. Lewis Dep. at 55. Plaintiff testified that "my claim is against my loss of my luggage which contained my insulin and my. . .medication to keep me alive." Id. at 64-65. Plaintiff explicitly states that she does not claim physical damages. Id.

## Procedural History

---

[1] In plaintiff's Amended Complaint, she claims damages of $100,000, although in her original complaint and in pre-motion discussions with Magistrate Judge Bloom, she claims $50,000 in damages.

Plaintiff filed her complaint against British Airways on September 16, 2003 in the Civil Court of the City of New York, Kings County. On November 3, 2003 defendant removed the case to this Court, asserting that plaintiff's claims are governed exclusively by the Warsaw Convention, an international treaty. Plaintiff submitted an amended complaint dated January 15, 2004. On July 16, 2004, defendant moved for summary judgment, arguing that (1) plaintiff's claims are governed by the Warsaw Convention; (2) plaintiff does not allege damages compensable under the Warsaw Convention; and (3) alternatively, the maximum liability is limited to $380 by Article 22 of the Warsaw Convention.

## Discussion

A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

In determining whether there are genuine issues of material fact, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citation omitted). Moreover, when the summary judgment is opposed by a pro se plaintiff, the Court must "read [the pro se party's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." Burke v. Royal Insurance Co., 39 F.Supp.2d 251, 257 (E.D.N.Y. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)) (internal quotations omitted); see also Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988) (noting that "special solicitude should be

afforded pro se litigants generally, when confronted with motions for summary judgment").

B. <u>Warsaw Convention</u>

The Warsaw Convention[2] governs airline liability for all international transportation of persons, baggage or goods. See <u>El Al Israel Airlines, Ltd. v. Tseng</u>, 525 U.S. 155, 160, 162 (1999). <u>See</u> also Article 1(1) of the Warsaw Convention, 49 U.S.C. § 40105, Note. Given that plaintiff checked her luggage in New York and there were agreed stopping places in London and Amsterdam, plaintiff's luggage constitutes "international carriage" under Article 1(2) of the Warsaw Convention. <u>Id.</u>

Article 19 of the Warsaw Convention establishes the conditions of liability for damage caused by delay and states that "[t]he carrier shall be liable for damage occasioned by delay in the transportation by air of passengers, baggage or goods." <u>Id.</u> Plaintiff claims that she is entitled to damages because British Airways put her life at risk when it took three days to return her suitcase containing her insulin. Lewis Dep. at 64-66, Amen. Compl. at 2. Plaintiff does not claim physical damage or injury. <u>Id.</u> Mental or psychic injury alone does not warrant a damages award under the Warsaw Convention. See <u>Eastern Airlines v. Floyd</u>, 499 U.S. 530, 552 (1991) (discussing air carrier's liability under Article 17 of the Warsaw Convention and concluding that air carrier is not liable under Article 17 "when an accident has not caused a passenger to suffer death, physical injury or physical manifestation of injury"). Case law indicates that the same

---

[2]The official title is: Convention for the Unification of Certain Rules Relating to International Transportation by Air concluded at Warsaw, Poland, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), <u>reprinted in</u> note following 49 U.S.C.A. § 40105 (1997), as supplemented by the Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929, as amended by the Protocol done at the Hague of September 8, 1955, <u>reprinted in</u> S. Exec. Rep, No. 105-20 pp. 21-32 (1998).

principle of Floyd, that purely emotional damages are not recoverable, applies to Article 19 delay claims as well. See Fields v. BWIA Int'l Airways Ltd., No. 99-2493, 2000 WL 1091129, at *6, (E.D.N.Y. July 7, 2000) (finding that plaintiff who suffered emotional stress from her flight delay but did not suffer physical injury or pecuniary loss was not entitled to relief under Article 19 of the Warsaw Convention). Thus plaintiff's claim is not compensable.

Even if plaintiff had suffered physical damages due to the delay of her luggage, she would only recover $380. Under Article 22 of the Warsaw Convention, British Airways' liability is limited to U.S. $9.07 per pound or U.S. $20 per kilogram for checked baggage if there are compensable damages. 49 U.S.C. § 40105, Note. See Trans World Airlines v. Franklin Mint, 466 U.S. 243 (1984) (holding that the Warsaw Convention limits an airline's liability to $20 per kilogram). See Schopenhauer v. Compagnie Nationale Air France, 255 F.Supp.2d 81, 99 (E.D.N.Y. 2003) (limiting airline's liability to $20 per kilogram for lost or damaged luggage). Plaintiff's luggage was documented as weighing 19 kilograms. Therefore, even if plaintiff could show physical injury as a result of the delayed luggage, defendant's liability would be limited to $380.

### Conclusion

For the reasons stated above, defendant's summary judgment motion is granted. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
June 28, 2005

RAYMOND J. DEARIE
United States District Judge

4